I. TANENBAUM SON & COMPANY, INCORPORATED, RE-
SPONDENT, v. OXFORD DYE WORKS, INCORPORATED,
APPELLANT.

Submitted May 29, 1930—Decided February 2, 1931.

This case was referred to Honorable Newton H. Porter, Circuit Court judge, to be tried without a jury, who, after hearing the cause, filed the following opinion:

"This case, by consent of counsel, is submitted on an agreed state of facts to be decided by the court without a jury. The action is to recover an amount claimed to be due under a contract of insurance. The dispute is as to the amount due. The contract was entered into between the parties on August 20th, 1919, whereby the plaintiff agreed to procure fire insurance for defendant on property at Oxford Furnace, this state, for a period from that date until December 31st, 1934. We are only concerned with the fifteenth clause of the contract which provides for liquidated damages of $1,500 for each unexpired year or fractional part thereof to be paid by the defendant in default of the contract. This clause also provides that there will be a default in certain contingencies, among which is in the event of the revocation of the defendant's charter. The charter was revoked for the non-payment of taxes for the year 1922 by the state in 1925. In spite of this breach the parties continued in the performance of the contract until December 13th, 1928, when the contract came to an end because of the sale of the property.

"The defendant says that the contract came to an end in 1925 owing to the revocation of its charter and that the dealings between the parties since were not subject to the terms of the contract. While it is true that the language of the fifteenth clause does terminate the contract under these conditions, still such termination is at the option of the plaintiff. That provision was in the contract for the benefit and protection of the plaintiff and it could surely waive its right. The defendant cannot discharge its obligation by its own default. *Vickers* v. *Electrozone Co.*, 67 *N. J. L.* 665. The plaintiff did by its subsequent action waive its right of revocation and the defendant so understood by continuing to perform its part of the contract until it sold the property.

"The defendant further contends that if recovery be had it should not be based on seven years as claimed, but on six

years and a small fraction of a year. Also that the basis of recovery should not be the full amount claimed because same is not all due now, some comes due at the rate of $1,500 annually hereafter, and that the proper measure of damage is the present worth of the total sum. The figure submitted under this theory is $7,443.92 as against $10,500 claimed.

"The contract is not susceptible of this construction. Its language is that in case of default the plaintiff shall 'thereupon be entitled to recover the sum of $1,500 for each and every unexpired year or fraction of a year of said term.' It seems clear that such sums became due not each year during the balance of the term but upon the date of the breach. It is equally clear that a fraction of a year may be figured at the same amount of a full year.

"There is a claim for the contract price of insurance for one year amounting to the sum of $1,000, which is not in dispute.

"Judgment may be entered for this sum together with the sum of $10,500 with interest from December 1st, 1928, in favor of the plaintiff and against the defendant."

For the respondent, *Arthur C. Dunn.*

For the appellant, *Ward & McGinnis.*

PER CURIAM.

The judgment of the Supreme Court, Passaic Circuit, is affirmed for the reasons given by Judge Porter in the foregoing opinion.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.